# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

ROBERT TOWN,

        Plaintiff,

   vs.

STATE OF MONTANA, et al,

        Defendants.

Cause No.  CV 09-07-H-DWM-RKS

FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE AND ORDER TO SERVE DEFENDANT

Plaintiff Robert Town, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges various violations of his federal and state rights.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  STATEMENT OF CASE

### A.  Parties

Plaintiff is a state prisoner currently at the Butte Pre-release Center.  All the allegations in Mr. Town's Complaint involve events that occurred while he was incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are: The State of Montana; Governor Brian Schwietzer; the Montana State Department of Corrections; Mike Ferriter, DOC

Director; Mike Mahoney, MSP Warden; Myron Beeson, MSP Assistant Warden; Ken Cosby, MSP Hearings Officer; Jeff Crow, MSP/DOC Investigator; and Sgt. Alvin Fode, MSP Corrections Officer.

### B. Allegations

Mr. Town alleges 1) that on July 8, 2008, Sgt. Fode planted evidence and made false allegations against him in order to bring disciplinary action against Mr. Town and destroy Mr. Town's chance at parole; 2) that on July 8, 2008, Sgt. Fode used excessive force against Mr. Town when placing him in handcuffs; 3) that on July 8, 2008, Sgt. Fode verbally harassed Mr. Town; and 4) that on July 8, 2008, Mr. Town was denied medical treatment for injuries to his wrists.

He further alleges that 5) Defendants Gov. Schwietzer, Mike Ferriter, Mike Mahoney, and Myron Beeson failed to properly train and supervise their subordinates, and 6) Defendants failed to investigate his complaints in this matter.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part:

The court shall review . . . as soon as practicable after docketing, a

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic

recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544.  A

complaint must "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197,

2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

     Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks

omitted).  The "plausibility standard" is guided by "[t]wo working principles."

*Iqbal,* 129 S.Ct. at 1949.  First, although "a court must accept as true all of the

allegations contained in a complaint," that "tenet" "is inapplicable to legal

conclusions" and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Iqbal,* 129 S.Ct. at

1949.  "Second, only a complaint that states a plausible claim for relief survives"

and "[d]etermining whether a complaint states a plausible claim for relief will, . . .

, be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal,* 129 S.Ct. at 1950.  "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The Court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United*

*States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to

pro se litigants unless it is "absolutely clear that the deficiencies of the complaint

could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

#### 1.    Eleventh Amendment Immunity

Defendants State of Montana, Governor Schweitzer, the Montana State

Department of Corrections, Mike Ferriter, Mike Mahoney, and Myron Beeson in

their official capacities are entitled to immunity as Plaintiff's Complaint is

currently plead.  The Eleventh Amendment to the United States Constitution states

that "[t]he Judicial power of the United States shall not be construed to extend to

any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign

State."  U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664,

94 S.Ct. 1347, 1356 (1974).  The United States Supreme Court has interpreted this

amendment to mean that absent waiver, neither a State nor an agency of the State

acting under its control may "be subject to suit in federal court." *Puerto Rico*

*Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The State of Montana has waived immunity only for tort claims brought in state

court.  Mont. Code Ann. § 2-9-101 et seq.  Plaintiff's claims for damages against the State of Montana, Governor Schweitzer, the Montana State Department of Corrections, Mike Ferriter, Mike Mahoney, and Myron Beeson in their official capacities are not cognizable in federal court.  Mr. Town's federal constitutional claims against these Defendants seeking monetary damages will be recommended for dismissal.  To the extent Mr. Town seeks declaratory relief from these Defendants, those claims became moot upon his transfer out of the Montana State Prison.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Preiser v. Newkirk, 422 U.S. 395, 402 (1975); City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983).

> ### 2.   Disciplinary Hearing

Mr. Town alleges his due process rights were violated when he was sent to administrative segregation after a hearing conducted by Defendant Ken Cosby.  He alleges this occurrence affected his chances at parole.

To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process.  If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant.  See, e.g., Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d

451 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

In Plaintiff's case, the threshold requirement for showing a liberty interest is not met.  Plaintiff is serving a ten-year sentence for criminal endangerment. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225.  Consequently, placement in any part of a Montana prison would not affect Mr. Town's ten year sentence in an unexpected manner.  Therefore, the first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met.  Whether a hardship is "atypical and significant" depends on three factors:

1) whether the challenged condition 'mirrored those conditions

imposed upon inmates in administrative segregation and protective

custody,' and thus comported with the prison's discretionary

authority; 2) the duration of the condition, and the degree of restraint

imposed; and 3) whether the state's action will invariably affect the

duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87); *see also Myron v.

Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived

of a liberty interest where he was placed at a higher security level than indicated

by calculation under controlling prison regulations).

Plaintiff was given at most twenty-five days in disciplinary detention.  This

is not atypical or significant in comparison to inmates in protective custody or

inmates whose placement has not yet been determined.  *See Sandin*, 115 S.Ct. at

2301 (30 days disciplinary segregation not "atypical" where no evidence to show

that differed from other kinds of segregation).  Placement in segregation falls

within the terms of confinement ordinarily contemplated when a prison sentence is

imposed, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986).  The

discipline Plaintiff received "comported with the prison's discretionary authority."

Plaintiff cannot show that he had a liberty interest in avoiding the discipline

received.  *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.

2003)("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.")(*citing Sandin*, 515 U.S. at 486).

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Supreme Court held that placement in a supermax prison gives rise to a liberty interest.  However, the Court noted that prison conditions where lights are on 24 hours a day, and exercise is permitted only for one hour per day in a small indoor room would likely apply to most solitary confinement facilities and probably would not, under *Sandin*, give rise to a liberty interest.  *See id*. at 223-24.  The crucial facts which led to a finding of a liberty interest in *Wilkinson* were (1) that inmates were deprived of "almost all human contact, even to the point that conversation is not permitted from cell to cell"; (2) that placement was for an indefinite period of time, with yearly review; and (3) that inmates lost their parole eligibility.  *Id.*

The facts alleged by Plaintiff are not remotely comparable to those in Wilkinson.  Plaintiff's placement in administrative segregation put him in conditions that are well within prison officials' discretion to impose.  Therefore, it is irrelevant whether Plaintiff received adequate due process protections, because he was not constitutionally entitled to due process.

Further, in *Sandin,* the Supreme Court held that a misconduct charge in the plaintiff's disciplinary record did not "inevitably affect the duration of his

sentence" because the parole board was not required to deny parole in the face of a misconduct record or to grant parole in its absence, and the procedural protections afforded a prisoner by state law enabled him to explain the circumstances behind the misconduct record at his parole hearing. *Id.* at 487, 115 S.Ct. at 2302. Specifically, Sandin states, "The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."   Id.

Mr. Town has failed to state a viable due process claim with regard to any of the alleged deficiencies with his disciplinary hearing.  His due process claims should be dismissed.

### 3.   Excessive Force

Mr. Town alleges Defendant Sgt. Fode used excessive force against him on July 8, 2009 when handcuffing him.

Eighth Amendment excessive use of force claims contain both a subjective and an objective component which require two inquiries:  (1) whether the official charged with inflicting force acted with a sufficiently culpable state-of-mind; and (2) whether the force used was sufficiently serious to establish a constitutional violation.  *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Hand cuffing too tightly can be an excessive use of force where the person hand cuffed was in visible pain, complained of pain, asked the officer to remove or loosen the hand cuffs, or suffered serious or protracted injury.  See Shaw v. City of Redondo Beach, 2005 WL 6117549, at * 7 (C.D.Cal.2005)(listing situations when hand cuffing too tightly can be an excessive use of force).

Here, Mr. Town alleges more of the circumstances the Shaw court found compelling.  Mr. Town says Sgt. Fode deliberately used "GREAT FORCE" when hand cuffing Mr. Town, which caused Mr. Town "great physical pain and discomfort" and lacerated Mr. Town's wrists.  Mr. Town alleges blood was running down his hands while in the hand cuffs.  These allegations are vague and conclusary but are (barely) enough here that Mr. Town has stated a claim for excessive use of force against Sgt. Fode.

    4.    Verbal Harassment

Mr. Town alleges Defendant Sgt. Fode verbally harassed him on July 8, 2009.  Allegations of verbal harassment or verbal abuse by themselves do not rise to the level of a constitutional deprivation under 42 U.S.C. § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  This claim should be dismissed.

5.   Denial of Medical Care

Mr. Town alleges that he was denied medical attention for a laceration on his wrist on July 8, 2009.

The Eighth Amendment requires that prisoners receive adequate medical care, including mental health care.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements:  "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need."  *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation."  *Clement v. Gomez*, 298 F.3d 898,

904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estelle*, 429 U.S. at 104-105.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost*,

152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)).  "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,* 439 F.3d at 1096 citing *McGuckin*, 974 F.2d at 1060.  "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.*

Mr. Town fails to state a claim for denial of medical care.  First, he has not named any defendant that denied him care.  Second, he has not met the threshold of serious injury.  He claims that he had a laceration on his wrist which was bleeding.  Finally, he states in his complaint that he was given a medical exam, but not medical attention.  Essentially, his claim is that he did not receive the attention he wanted.  A difference of opinion between medical professionals and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  This claim should be dismissed.

6.    Failure to Train

Mr. Town alleges that Defendants Gov. Schwietzer, Mike Ferriter, Mike

Mahoney, and Myron Beeson had a policy or custom of failing to properly train and supervise their subordinates.  However, a single constitutional violation is insufficient to establish a longstanding practice and/or custom.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Mr. Town's allegations are that, on one occasion, Sgt. Fode used excessive force against him.  This single instance is insufficient to establish a policy or custom of failure to train.  Trevino, 99 F.3d 911.  This claim should be dismissed.

> 7.     Failure to Investigate/Ratification

Mr. Town alleges that Defendants Gov. Schwietzer, Mike Ferriter, Mike Mahoney, and Myron Beeson all failed to investigate his grievances regarding the July 8, 2008 incident, and thus ratified the conduct of Sgt. Fode and Ken Cosby.

Ratifying a subordinates conduct can be grounds to impose § 1983 liability. Haugen v. Brosseau, 351 F.3d 372 (9th Cir. 2003).  Even a single decision can be the basis for liability, if the defendants have the requisite state of mind, that is, it was a conscious and affirmative choice to ratify the conduct.  Logan v. City of Pullman Police Department, 2006 WL 1148727 *2 (E.D. Wash 2006).  A

supervisor's discipline decision *after* an alleged violation is not sufficient to establish liability.  Id. at *4.

Here, Mr. Town has alleged nothing more than the failure to discipline Sgt. Fode and Ken Cosby after the July 8, 2008 incident, which is insufficient to state a claim.  Id.  Further, a single constitutional violation is insufficient to establish a longstanding practice and/or custom, which, in the present case is alleged to be a custom of ratifying subordinate's decisions.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").   This claim should be dismissed.

### 8.   Conspiracy under § 1985(3)

Mr. Town alleges all defendants conspired to deprive him of Equal Protection.  To state a claim under § 1985(3), Mr. Town must allege 1) a conspiracy, 2) to deprive him of equal protection of the law, or equal privileges and immunities, 3) an act done by a conspirator in furtherance of the consipracy, and 4) personal injury, property damage or deprivation of a right or privilege of a citizen of the United States.  Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).   There must be some racial or class-based invidiously discriminatory intent

behind the conspiracy.  Griffin v. Breckenridge, 403 U.S. 88, 102 (1992).

Mr. Town makes only conclusory allegations of a conspiracy.  He has alleged no facts that support his allegations that a conspiracy existed, or that if it did, it was motivated by racial animus.   These allegations fail to state a claim. This claim should be dismissed.  See Iqbal, 129 S.Ct. at 1950; Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).

9.    Montana Constitutional and State Law Claims

The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The Court retains jurisdiction over all Mr. Town's state law claims that are related to his excessive force claim.  However, the Court should decline jurisdiction over any other unrelated state law claims.  28 U.S.C. § 1367(c).

## III.  CONCLUSION

The Court has considered whether Plaintiff's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits.  See 42

U.S.C. § 1997e(g).  The Court concludes dismissal of Plaintiff's excessive force

claim is not appropriate at this time.  Defendant Sgt. Fode must make an

appearance on Plaintiff's claim.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Sgt.

Alvin Fode to waive service of summons by executing, or having counsel execute,

the Waiver of Service of Summons.  The Waiver must be returned to the Court

within **thirty (30) days of the entry date reflected on the Notice of Electronic**

**Filing**.  If Defendants choose to return the Waiver of Service of Summons, their

answer or appropriate motion will be due within 60 days after the entry date of this

Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P.

12(a)(1)(B).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be

permitted to "waive the right to reply to any action brought by a prisoner confined

in any jail, prison, or other correctional facility under section 1983," once the

Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2)

and § 1915A(b), and thus, has made a preliminary determination based on the face

on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

merits," Defendants are required to respond).

2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

*        Plaintiff's Complaint (Document 2);

*        Transfer Order (Document 3)

*        this Order,

*        a Notice of Lawsuit & Request to Waive Service of Summons; and

*        a Waiver of Service of Summons

Should counsel determine they do not represent Defendant in this matter,

they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R.

12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

All claims against Defendants State of Montana, Gov. Brian Schwietzer,

Montana State Department of Corrections, Warden Mahoney, Assistant Warden

Beeson, Jeff Crow, and Ken Cosby should be **DISMISSED WITH PREJUDICE**

for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written

objections to these Findings and Recommendations within ten (10) business days

of the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order.   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of November, 2009.


                              */s/ Keith Strong*
                              Keith Strong
                              United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against the following individual: Sgt. Alvin Fode.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-09-07-H-DWM-RKS.  The Court has completed its pre-screening and concludes Defendant Fode must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: Town v. State of Montana, et al, Civil Action No. CV-09-07-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS