

FILED

JAN 0 5 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT TOWN, | ) | CV 09-07-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| STATE OF MONTANA, et al., | ) | |
| Defendants. | ) | |

Plaintiff Town, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Town alleges that Defendant Sgt. Alvin Fode framed him to destroy his chances of parole, used excessive force against him, and verbally harassed him. Town also alleges that he was denied medical treatment for his injuries, that Defendants Schweitzer, Ferriter, Mahoney and Beeson failed to properly train and supervise

-1-

their subordinates, and that the Defendants failed to investigate his complaints in this matter.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of all claims other than the allegation of excessive force against Defendant Fode. Judge Strong explains that Defendants the State of Montana, Gov. Brian Schweitzer, the Montana Department of Corrections, Mike Ferriter, Mike Mahoney, and Myron Beeson, in their official capacities, are entitled to immunity under the Eleventh Amendment. Plaintiff's due process claim fails, Judge Strong finds, because Plaintiff has no liberty interest in avoiding placement in administrative segregation within the prison. Judge Strong finds that Town's claims of verbal harassment and denial of medical care fail to state a claim, as do his allegations of failure to train, ratification and conspiracy. Judge Strong recommends retaining supplemental jurisdiction over Town's state law claims related to his excessive force claim, but declining to exercise supplemental

jurisdiction over all other state claims.

Town did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and Recommendations (Doc. No. 8) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that all claims against Defendants State of Montana, Gov. Brian Schweitzer, Montana Department of Corrections, Warden Mahoney, Mike Ferriter, Assistant Warden Beeson, Jeff Crow, and Ken Cosby are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

DATED this 5 day of January, 2010.

Donald W. Molloy, District Judge
United States District Court