# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| ROBERT TOWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SGT. ALVIN FODE,<br><br>　　　　Defendant. | Cause No.  CV 09-00007-H-DWM-RKS<br><br>ORDER DENYING MOTION TO COMPEL |

Pending is Plaintiff Robert Town's Motion to Compel.  (Court Doc. 20).  Mr. Town contends Sgt. Fode has provided "grossly incomplete answers to Interrogatories 3, 4, 5, 6, 7, and 8 of his First Discovery Requests.  He also contends he requested sign in logs, evidence against him, security tapes, and nursing logs and Sgt. Fode failed to produce any documents.

## I.  Second Set of Discovery Requests

It is not clear whether Mr. Town is seeking to compel any of the information sought in his second discovery requests.  To the extent he is, the motion will be denied because those requests were untimely.  The

ORDER DENYING MOTION TO COMPEL– CV 09-0007-H-DWM-RKS / PAGE 1

Court's January 26, 2010 Scheduling Order (Court Doc. 13) required all discovery be completed by May 19, 2010.  Mr. Town's second set of discovery requests was served on Defendants on May 25, 2010.  Therefore, the Court will not grant the Motion to Compel with regard to the second set of discovery requests.

## II.  First Set of Discovery Requests

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case.  *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (*citing Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Federal Rule of Civil Procedure 26(b)(1).

Utilizing this standard the Court will address the discovery

requests raised in Mr. Town's Motion to Compel.

Interrogatory Nos. 3, 4, and 5 seek statements, diaries, and correspondence concerning the events in question. Defendants responded by attaching all statements in their possession. Mr. Town gives no indication why these responses are incomplete. He makes no contention that any particular statement has not been turned over. As such his motion will be denied as to Interrogatory Nos. 3, 4, and 5.

Interrogatory No. 6 asks whether Sgt. Fode has ever been a party or witness to any other legal matter and Request No. 7 asks for a complete copy of the court files for these cases. Sgt. Fode objected on the grounds that the interrogatory was "overbroad and might include facts which are irrelevant and which will not lead to the discovery of admissible evidence. Without waiving said objection, Defendant states that Sgt. Fode has never had any claims made or disciplinary action taken against him involving his treatment of inmates. No legal actions have ever been filed against him or the DOC relating in any way to his conduct as a correctional officer." (Court Doc. 20-1, p. 19).

Again, Mr. Town makes no attempt to suggest why Sgt. Fode's

ORDER DENYING MOTION TO COMPEL– CV 09-0007-H-DWM-RKS / PAGE 3

prior litigation history outside of his prior treatment of inmates would be reasonably calculated to lead to the discovery of admissible evidence. As such the motion will be denied on these requests.

Request for Production No. 8 sought Sgt. Fode's past employment records, including reasons for being fired or terminated from his position, name of employers. It also asked for Sgt. Fode's employment files from the Montana Department of Corrections and any and all actions taken against Sgt. Fode.

Sgt. Fode responded by objecting on the grounds that: "1) the contents of Sgt. Fode's personnel file contain no documents or facts which would lead to the discovery of admissible evidence; 2) that the file is not a matter of 'public record' and contains personal information to which Defendant Fode has a privacy interest; and 3) the request is overbroad in as much as it requests information which is in the possession of third parties over whom neither the Defendant nor the DOC have access or control."

Finally, Sgt. Fode has represented that his prior employment records are not in the custody or control of the Montana Department of

ORDER DENYING MOTION TO COMPEL– CV 09-0007-H-DWM-RKS / PAGE 4

Corrections and as such he cannot be compelled to produce those records. Secondly, Mr. Town makes no showing as to what information in Sgt. Fode's current personnel file would be reasonably calculated to lead to the discovery of admissible evidence. This weighed against the obviously privacy concerns with Sgt. Fode's personnel file convinces the Court the motion should be denied on this request as well.

Finally, Mr. Town argues that Sgt. Fode produced no evidence, no security tapes, no guard logs, and no nursing logs. While he made have requested this information at a settlement conference with opposing counsel, he produced no written discovery request asking for this material. Moreover, he states counsel for Sgt. Fode represented that those items do not exist. Mr. Town has given the Court no reason to believe such items do exist. The Court cannot compel a party to produce evidence which does not exist.

Accordingly, the Court issues the following:

### ORDER

1. Mr. Town's Motion to Compel (Court Doc. 20) is **DENIED**.
2. At all times during the pendency of this action, Mr. Town

SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

   DATED this 30th day of June, 2010.

                                         /s/ Keith Strong
                                        Keith Strong
                                        United States Magistrate Judge