# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | |
|---|---|
| ROBERT TOWN, | Cause No.  CV 09-00007-H-DWM-RKS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| SGT. ALVIN FODE, | |
| Defendant. | |

This matter is pending on Defendant Alvin Fode's Motion for Summary Judgment (Court Doc. 16).  Mr. Town filed this § 1983 civil rights Complaint against Sgt. Alvin Fode alleging excessive use of force along with a number of other claims.  All other claims were previously dismissed and the only claim at issue is Mr. Town's allegation that Sgt. Fode utilized excessive force in violation of the Eighth Amendment when he handcuffed Mr. Town on July 8, 2008.

## I.    MOTION FOR SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if they demonstrate "there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Summary judgment is appropriate where the documentary evidence

produced by the parties permits only one conclusion. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of

setting forth the basis of the motion and identifying those portions of

the pleadings, depositions, answers to interrogatories, and admissions

on file, together with affidavits, if any, which demonstrate the absence

of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).

Where the moving party meets this burden, the party opposing

the motion "may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a

genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving

party may do this by use of affidavits (including his own), depositions,

answers to interrogatories, and admissions.

A plaintiff "must produce at least some 'significant probative

evidence tending to support the complaint.'" Celotex Corp. v. Catrett,

477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(citations

omitted).  Only disputes over facts that might affect the outcome of the

suit under the governing law are "material" and will properly preclude

entry of summary judgment.  Anderson, 477 U.S. at 248.  At the

summary judgment stage, the Court does not weigh the evidence or

determine the truth of the matter, but ascertains whether there is a

genuine issue for trial.  If the evidence is merely colorable or is not

significantly probative, summary judgment may be granted.  Anderson,

477 U.S. at 249-50.

> The mere existence of a scintilla of evidence in support of
> the [non-moving party's] position will be insufficient; there
> must be evidence on which the jury could reasonably find for
> the [non-moving party].  The judge's inquiry, therefore,
> unavoidably asks whether reasonable jurors could find by a
> preponderance of the evidence that the plaintiff is entitled to
> a verdict.

Anderson, 477 U.S. at 252.

Additionally, "[a] document filed pro se is 'to be liberally

construed,' and 'a pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by

lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct 2197, 2200, 167

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE–
CV 09-0007-H-DWM-RKS / PAGE 3

L.Ed.2d 1081 (2007) (per curiam); Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## II.  UNDISPUTED FACTS

Although the parties discuss the facts leading up to the alleged excessive force incident, the only material facts are those associated with the actual handcuffing incident.  The alleged smoking incident, which occurred prior to and apart from the handcuffing incident, is not relevant to the issues at bar.

At all times relevant hereto, Mr. Town was an inmate at Montana State Prison. (Complaint at ¶3).  On July 8, 2008, at 1:35 p.m. Defendant Correctional Officer Sergeant Alvin Fode called Mr. Town to the office and advised him that he was writing him up for smoking and he would be taken to prehearing confinement.  (Fode Aff. ¶15).

Mr. Town became argumentative and called Sgt. Fode "a liar." Sgt. Fode gave Mr. Town a direct order to "sit down and shut up."  Mr. Town replied to Sgt. Fode, "You sit down and shut up."  At this point, Sgt. Fode instructed Mr. Town to turn around and "cuff up," and Sgt. Fode secured Mr. Town's hands behind his back with handcuffs.  (Fode

Aff. ¶15).

Officer Steyh, whom Plaintiff alleges was the transport officer, testified by affidavit that he does not specifically recall escorting Mr. Town on July 8, 2008.  He did testify that when conducting such an escort, it is his habit and routine practice to always put his own handcuffs on an already cuffed inmate by putting his cuffs on behind the cuffs already in place.  He then removes the cuffs which were already applied and returns them to the unit staff member to whom they belong.  By doing this, he does not have to go back to the unit to return the unit's cuffs.  (Steyh Aff. ¶5).

On July 16, 2008, Mr. Town's wife, Stephanie Town, contacted Warden Mahoney and alleged that Sgt. FODE had used excessive force during the incident of July 8th. (Crowe Aff. ¶4).  Mike Mahoney, Warden of the Montana State Prison, requested that Jeffrey Crowe, an investigator for the Montana Department of Corrections, investigate the allegations. (Crowe Aff. ¶3).

Crowe spoke to Officer Foster who told Crowe that he did not observe any blood on Mr. Town's wrists, and that Mr. Town never

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE–
CV 09-0007-H-DWM-RKS / PAGE 5

complained that the handcuffs were too tight. (Crowe Aff. ¶6).  Town

asserts he remained silent for fear of further retaliation.  (Court Doc.

33, p. 14, ¶ 22).

Crowe interviewed all of the officers scheduled for duty at the

time in question who could have escorted Mr. Town.  None of the

officers remembered escorting Town. (Crowe Aff. ¶7).

All of the officers told Crowe that if they had escorted Mr. Town

and he was bleeding, they would have taken him to the MSP infirmary

to be treated and have the handcuffs sterilized. (Crowe Aff. ¶8).

On July 21, 2008, Crowe asked Case Manager Derek Browning of

Close Unit III, where Mr. Town was in detention, to look at Mr. Town's

wrists for any cuts that would have been associated with the handcuffs.

Browning stated that Mr. Town had a mark on one of his wrists, but

that he could not determine the age or source of the mark. (Crowe Aff.

¶10).

At Mr. Town's request, Mr. Town was transferred to the Great

Falls Regional Prison on July 29, 2008. (Crowe Aff. ¶11 and Exhibit

"A").  Crowe contacted Wayne Bye, Contract Placement Manager at

Great Falls Regional Prison, and requested that he review Mr. Town's medical file to determine whether Mr. Town made any requests to be seen by medical personnel or whether he had received any treatment while at the Great Falls Regional Prison.  Mr. Bye reported there was no documentation showing that Mr. Town had requested any treatment for an injury to his wrists, and there was no documentation for any treatment to his wrists.  (Crowe Aff. ¶12).  Mr. Town explains that this was 21 days after the incident and his wrist had started to heal.  (Court Doc. 33, p. 16, ¶ 28).

Tom Wood is the Security Major at Montana State Prison. (Wood Aff. ¶1).  He is responsible for the overall security of the prison. (Wood Aff. ¶2).  Maj. Wood is familiar with the policies and procedures established by the Montana State Prison, (MSP), and the Department of Corrections.  (Wood Aff. ¶4).  According to Maj. Wood, a correctional officer is authorized to use handcuffs anytime the officer believes that an inmate is threatening the safety, security and good order of the institution.  Early application of handcuffs in an escalating situation is good correctional practice. (Wood Aff. ¶5).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE–
CV 09-0007-H-DWM-RKS / PAGE 7

## III.  ANALYSIS

Where prison officials stand accused of using excessive force in violation of the Eighth Amendment, the Supreme Court has held that "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment excessive use of force analysis requires two inquiries:  (1) whether the official charged with inflicting force acted with a sufficiently culpable state-of-mind; and (2) whether the force used was sufficiently serious to establish a constitutional violation. *Hudson*, 503 U.S. 1; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

In order to determine whether the use of force was "wanton and unnecessary" the Court should consider the following factors:  the need for application of force; the relationship between the need and the amount of force used; the extent of the injury inflicted; the threat "reasonably perceived by the responsible officials"; and "any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7, citing *Whitley v. Albers*, 476 U.S. 312, 321 (1986).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  But the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9; *see also* *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Mr. Town alleges Sgt. Fode cuffed his wrists behind him and squeezed down on the hand cuff chokes, wrenching them down as tight as he could around Mr. Town's wrists.  Mr. Town contends the pain in his wrist was "unbearable" and he could feel blood running down the back of his hand and his hands were numb.  (Court Doc. 21-3:  Town Affidavit, p. 12,  ¶ 32).  He contends he sat like this for 25 minutes waiting for a transport officer.  (Court Doc. 21-3:  Town Affidavit, p. 12, ¶ 33).  He alleges he suffered a laceration to his wrist as a result of the handcuffing.  (Court Doc. 2–Complaint, p. 7, ¶ 7).

Mr. Town's claim against Sgt. Fode for the use of excessive force does not rise to the level of a malicious and sadistic use of force as

required under the *Hudson* standard.  Mr. Town fails to establish that Sgt. Fode applied the handcuffs in a sadistic and malicious manner for the purpose of causing harm.  First, Mr. Town admits he did not complain to Sgt. Fode regarding the tightness of the handcuffs.  Mr. Town cannot establish that Sgt. Fode acted with a sufficiently culpable state of mind if he did not even tell Sgt. Fode the handcuffs were too tight.

Secondly, the Court should consider whether the forced used was sufficiently serious to establish a constitutional violation.  For this analysis, the Court will examine the *Hudson* factors.  It is undisputed that there was a need for handcuffing Mr. Town.  Major Wood testified by affidavit that a correctional officer is authorized to use handcuffs anytime the officer believes that an inmate is threatening the safety, security and good order of the institution.  Early application of handcuffs in an escalating situation is good correctional practice. (Wood Aff. ¶5).  Mr. Town does not dispute this aspect of Major Wood's testimony.  (Court. Doc. 33, p. 17, ¶ 32).  Further, Mr. Town admits he became argumentative with Sgt. Fode.  Sgt. Fode testified he felt Town

was creating a security threat.  (Fode Aff., ¶ 16).  Mr. Town argues in

his response that mere argument will not constitute resisting a peace

officer.  (Court Doc. 32, pp. 3, 6).  While Mr. Town may not have

committed the criminal act of resisting a peace officer, that does not

mean it was not appropriate to use handcuffs in this situation.  Given

the undisputed facts, the Court finds there was a need for handcuffing

in this situation.

The next factors to be considered are the amount of force used and

the relationship between the need for force and the amount of force.  In

order to evaluate the amount of force, it is necessary to consider the

extent of the injury.  While "[t]he 'core judicial inquiry,'  . . .  [is] not

whether a certain quantum of injury was sustained, but rather

'whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm'" *Wilkins v.*

*Gaddy*, 130 S.Ct. 1175 (2010) citing Hudson, 503 U.S. at 7, 112 S.Ct.

995, the extent of injury may provide some indication of the amount of

force applied.  *Wilkins*, 130 S.Ct. 1175.

"The Eighth Amendment's prohibition of 'cruel and unusual'

punishments necessarily excludes from constitutional
recognition de minimis uses of physical force, provided that
the use of force is not of a sort repugnant to the conscience of
mankind." *Ibid.* (some internal quotation marks omitted).
An inmate who complains of a "push or shove" that causes
no discernible injury almost certainly fails to state a valid
excessive force claim. *Ibid. (quoting Johnson v. Glick,* 481
F.2d 1028, 1033 (2d Cir.1973)).

*Wilkins*, 130 S.Ct. at 1178.

The extent of Mr. Town's injury indicates that the amount of force

applied could not have been excessive.  Mr. Town contends he received

a laceration to his wrist but he gives no further description of the

injury.  He provides no details about the state of his wrist after the

handcuffs were removed or how long any alleged injury lasted.  Mr.

Town has failed to submit any medical reports in connection with the

incident in question to support his allegations of harm.  He states he

made numerous requests for medical treatment, asked for photographs

to be taken, and even made an outside request to the Powell County

Sheriff's Department.  However, he produced no documentation to

support these assertions.  While Mr. Town states he submitted his

requests on non-carbon forms, there is an established grievance

procedure at Montana State Prison that involves the use of grievance forms with duplicate copies.  Mr. Town presented no explanation as to why he did not utilize this process in his attempts to obtain medical care.  Thus, Mr. Town failed to provide any "significant probative evidence" to support his excessive-force claim based on painful handcuffing.

Drawing all inferences in favor of the non-moving party, the record on this motion establishes that there is no genuine issue of material fact on which Mr. Town may proceed on his claim for the malicious and sadistic use of excessive force.  Mr. Town simply failed to present enough evidence upon which a reasonable jury could find Sgt. Fode utilized sufficient force to constitute a constitutional violation.

## IV.  CONCLUSION

Mr. Town's claims against Defendant Fode are insufficient to survive summary judgment.  The Court will recommend Defendant Fode's Motion for Summary Judgment be granted.

### A.    Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in
the district-court action, or who was determined to be
financially unable to obtain an adequate defense in a
criminal case, may proceed on appeal in forma pauperis
without further authorization, unless:

> (A) the district court-before or after the notice of
> appeal is filed-certifies that the appeal is not taken in
> good faith or finds that the party is not otherwise
> entitled to proceed in forma pauperis and states in
> writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not
be taken in forma pauperis if the trial court certifies in writing that it
is not taken in good faith."  The good faith standard is an objective one.
*See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff
satisfies the "good faith" requirement if he or she seeks review of any
issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th
Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section
1915, an appeal is frivolous if it lacks any arguable basis in law or fact.
*Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225
(9th Cir. 1984).  Mr. Town has, as a matter of law, failed to produce
sufficient evidence to prove his claims.  As such, the Court should

certify that any appeal of this matter would not be taken in good faith.

## B. Address Changes

At all times during the pendency of this action, Mr. Town SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Fode's Motion for Summary Judgment (Court Doc. 16) should be granted.

2. The Clerk of Court should be directed to enter judgment in favor of Defendants and close this case.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE–
CV 09-0007-H-DWM-RKS / PAGE 15

Federal Rules of Appellate Procedure that any appeal of this decision

would not be taken in good faith.  Mr. Town failed to produce sufficient

evidence to support his claims and as such no reasonable person could

suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file

written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of

Electronic Filing.  As this deadline allows a party to act after the

Findings and Recommendations is served, it falls under Fed.R.Civ.P.

6(d).  Therefore, three (3) days are added after the period would

otherwise expire.

Any such filing should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."

A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is

made.  The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.


DATED this 5th day of November, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE–
CV 09-0007-H-DWM-RKS / PAGE 17