

**FILED**

**DEC 1 0 2010**

**PATRICK E. DUFFY, CLERK**
**By**_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT TOWN, | ) | CV 09-07-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SGT. ALVIN FODE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Robert Town, proceeding pro se, brought this action pursuant to 42

U.S.C. § 1983, alleging Defendant Sgt. Alvin Fode used excessive force in

violation of his Eighth Amendment rights. Fode moved for summary judgment

arguing as a matter of law that Town cannot prevail on his claim. Pursuant to 28

U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued

Findings and Recommendation on November 5, 2010. Judge Strong found that

the undisputed facts establish that the handcuffing at the heart of this action was

1

necessary, do not show that Fode acted with a sufficiently culpable state of mind, and no evidence supports Town's allegations that the amount of force applied was excessive. Accordingly, Judge Strong  recommended the motion for summary judgment be granted and the case closed because a reasonable jury could not find that Fode used excessive force upon Town.

Town timely objected to the Findings and Recommendation on November 19, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Town's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Before reaching Town's objections, there is an outstanding motion that must be addressed. On December 7, 2010, Town moved for continuance in summary judgment. He seeks to introduce new medical evidence obtained on November 10, 2010. Town responded to Defendants' discovery requests on March 22, 2010. The summary judgment record closed on June 14, 2010. It was only after Judge Strong issued his Findings and Recommendations that Town obtained this additional evidence. The aim of submitting this new evidence is to stave off Judge Strong's recommendation that  judgment be entered in favor of Defendants. To

have Town present an argument and evidence to Judge Strong, have Judge Strong

make a recommendation based on that record, then allow Town to introduce new

materials in conjunction with his objections to the recommendation would

circumvent the Court's rules, judicial efficiency, and the Magistrates Act. See

Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir.

1988) overruled on other grounds by United States v. Hardesty, 977 F.2d 1347

(9th Cir. 1992), cert. denied, 507 U.S. 978 (1993).  The motion is denied.

     As to the objections, Town first objects that Judge Strong over relied on

Fode's affidavit and ignored other evidence in the record providing different

accounts of the incident in question.  Town specifically refers to Officer Steyh's

affidavit, Investigator Crowe's report and other statements made by Fode.  The

objection is based on a flawed premise.  Judge Strong's undisputed facts draw

from various sources beyond Fode's affidavit, including Officer Steyh's affidavit

and Investigator Crowe's report.  See Findings 4-7.  Even if that was not the case,

Town has failed to identify how any of this other evidence in the record

contradicts the undisputed facts as articulated by Judge Strong.  After reviewing

the record, I find no fault with Judge Strong's undisputed facts.

     Next, Town objects that Judge Strong failed to consider facts related to his

treatment prior to and after the handcuffing incident.  These facts, Town insists,

3

are relevant as to whether Fode made false allegations, wrongly placed him in confinement, or refused him medical treatment. These additional claims, however, were already dismissed. (See dkt ## 8 and 10.) Thus, the objection is denied. The only material facts here are those concerning Town's excessive use of force claim based on the July 8, 2009 handcuffing incident.

Town also objects to Judge Strong's finding that, based on the evidence, Fode did not act with a sufficiently culpable state of mind. Town argues Judge Strong should not have reached this issue. The objection is not well taken because a defendant's state of mind is relevant to an excessive force claim. See Hudson v. McMillian, 503 U.S. 1, 7 (1992). In this same objection, Town also argues it is unclear if Fode possessed a culpable state of mind because there is no evidence that he is innocent. The objection misses the mark. Town carries the burden to show Fode violated his constitutional rights. With no evidence that Fode applied the handcuffs in a sadistic manner or was made aware that they were too tight, it is not improper to conclude that Town failed to establish that Fode possessed a culpable state of mind.

Finally, Town takes exception to Judge Strong's finding that the evidence fails to show excessive force was used here. Judge Strong drew this conclusion, in part, from the record not providing any details about an injury, medical treatment

4

or requests for such treatment.  Town objects but fails to identify anything in the record before Judge Strong to the contrary.[1]  I agree with Judge Strong.  Given this record, a reasonable jury could not find that Fode used excessive force amounting to a constitutional violation.

I find no clear error in Judge Strong's remaining findings and recommendations.

## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #36) are adopted in full.

IT IS FURTHER ORDERED that

1.     Defendant Fode's Motion for Summary Judgment (dkt #16) is

       GRANTED;

2.     Plaintiff Town's Motion for Continuance in Summary Judgment (dkt

---

[1]Along with his objections, Town submitted a November 10, 2010 letter from a Dr. Raymond A. Kaufman and photographs of what appear to be a man's wrist. Dr. Kaufman's letter provides that Town has a scar on his wrist consistent with an injury from handcuffs, and that the injury occurred over a year ago. (See dkt #37-2.)  The photographs are of a man's wrist, but little else can be deduced from them.  These materials cannot be considered by the Court because they are not a part of the summary judgment record, see L.R. 56.1(d), and were not before Judge Strong. See Greenhow, 863 F.2d at 638-39.  Regardless, the letter and photographs do not provide meaningful details about any injury suffered during the July 8, 2009 incident, let alone show that medical treatment was sought due to the handcuffing incident.

#39) is DENIED;

3.      The Clerk of Court shall enter judgment in favor of Defendants and

CLOSE this case; and

4.      The Clerk of Court shall have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of

Appellate Procedure that any appeal of this decision would not be

taken in good faith.

Dated this ___ day of December, 2010.

_____
Donald W. Molloy, District Judge
United States District Court